IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KHALID KHAZAAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01075-P-BP |
| | § | |
| KUWAIT GOVERNMENT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3, this case was referred to the undersigned for pretrial management on September 29, 2020. ECF No. 3. The Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs on January 11, 2021. ECF No. 5. On March 3, 2021, the Court entered its Questionnaire to Plaintiff to gather further information that would be helpful to the Court in adjudicating the case. ECF No. 6. Plaintiff filed his Answers to the Court's Questionnaire on March 31, 2021. ECF No. 7.

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a

claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Plaintiff has not "affirmatively and distinctly" alleged facts showing how the Court has jurisdiction over the case. On the face of the complaint, there are no facts to establish that the Court has federal-question jurisdiction under 28 U.S.C. § 1331. It does not appear that the parties are diverse under 28 U.S.C. § 1332 because the Plaintiff sues a foreign state. The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Unless an exception applies, the federal courts lack subject-matter jurisdiction over a claim against a foreign state, because foreign states generally are immune from their jurisdiction. *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 488-89 (1983); *see* 28 U.S.C. § 1604.

On the face of the complaint, there is no applicable exception to the FSIA under 28 U.S.C. § 1605(a). Plaintiff asserts that "after being tortured for one year and three months [he] was released due to insufficient evidence" and because of this he is unable to work and has been qualified as disabled by the Social Security Administration. ECF No. 1 at 1-2. Since the action allegedly causing Plaintiff's injury occurred in a foreign state and did not involve property, only two exceptions to the FSIA could apply: if the foreign state explicitly or implicitly waved its immunity; or if the action is based on an act "outside the territory of the United States in connection with a commercial activity of the foreign states elsewhere that causes a direct effect in the United States." 28 U.S.C § 1605 (a)(1) and (a)(2). However, Plaintiff has not pleaded, and the Court is not aware of any evidence to prove, that the State of Kuwait has waived its immunity to suits such as this one. And, Plaintiff's claims do not concern a "commercial activity" that caused a "direct

3

effect in the United States." As a result, there is no subject-matter jurisdiction under 28 U.S.C. § 1605(a) on the facts asserted in the complaint.

Nor is the State of Kuwait potentially liable under 28 U.S.C. § 1605A or the Justice Against Sponsors of Terrorism Act, Pub. L. 114-222, 130 Stat. 852 (2016), because it is not and has not in the past been designated as a state sponsor of terrorism, and Plaintiff has not alleged that he was injured due to any terroristic act. Because he has not asserted a claim for injury "by reason of international terrorism," Plaintiff has not invoked the provisions of the Antiterrorism Act. 18 U.S.C. § 2333 (2021); *Retana v. Twitter, Inc.*, 419 F. Supp. 3d 989, 993 (N.D. Tex. 2019), *aff'd*, ___ F.4th ___, 2021 WL 2451664 (5th Cir. June 16, 2021).

The Court likewise cannot find subject-matter jurisdiction in other Acts of Congress addressing injuries inflicted by a foreign state outside of this country. The Supreme Court has specifically held that the Alien Tort Statute, 28 U.S.C. § 1350 (2021), does not apply to claims by an alien for torts committed wholly in a foreign country. *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108 (2013). Similarly, in construing the Torture Victim Protection Act, the Court found that only individuals, not sovereign or non-sovereign organizations, could be liable for committing torture. *Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012).

Because the Plaintiff has failed to allege sufficient facts to show that the Court has subject-matter jurisdiction in this case, Judge Pittman should **DISMISS** the case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 2, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE